Daniel J. O'Rielly (State Bar No. 214846)
**O'RIELLY & ROCHE LLP**
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone:  (415) 952-3002
Facsimile: (415) 520-9394

Attorneys for Defendants
GE CAPITAL RETAIL BANK, formerly
known as GE MONEY BANK, and
CARE CREDIT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| WENDY ELLEN FLEISCHMANN, <br><br> Plaintiff, <br><br> vs. <br><br> CARE CREDIT, a Limited Liability corporation of unknown citizenship, and GE MONEY BANK, a business entity, form unknown, and DOES 1 through 1,000; <br><br> Defendants. | Case No. 12-CV-08032-JAK-FMOX <br><br> **CERTIFICATE OF SERVICE OF NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM, NOTICE OF ASSIGNMENT TO U.S. MAGISTRATE JUDGE FOR DISCOVERY, INITIAL STANDING ORDER FOR CASES ASSIGNED TO JUDGE JOHN A. KRONSTADT, AND ORDER SETTING RULE 16(b) SCHEDULING CONFERENCE** |

ELIZABETH ARCHER-EVANS certifies and declares as follows:

1.    I am over the age of 18 years and not a party to this action.

2.    My business address is 4 Embarcadero Center, Suite 1400, San Francisco, California,  94111, which is located in the city, county and state where the mailing described below took place.

3.    On September 26, 2012 I deposited in the United States Mail at San Francisco, California, a copy of the Notice to Parties of Court-Directed ADR Program,

1  a copy of the Notice of Assignment to United States Magistrate Judge for Discovery, a

2  copy of the Initial Standing Order for Cases Assigned to Judge John A. Kronstadt, and

3  a copy of the Order Setting Rule 16(b) Scheduling Conference, mailed to Counsel for

4  Plaintiffs, Jeffrey B. Bohrer, 11024 Balboa Blvd. #200, Granada Hills, CA 91344.

5  Copies of each of these are attached to this Certificate as Exhibit A.

6         I declare under penalty of perjury under the laws of the United States that the

7  foregoing is true and correct.  Executed on September 26, 2012.

8

9                                        /s/ Elizabeth Archer-Evans
                                         Elizabeth Archer-Evans

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

FILED

12 SEP 18 AM 11: 43

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WENDY ELLEN FLEISCHMANN, | | **CASE NUMBER** |
| | PLAINTIFF(S) | **CV12- 8032 JAK (FMOx)** |
| V. | | |
| CARE CREDIT, ET AL | | **NOTICE TO PARTIES OF** |
| | DEFENDANT(S) | **COURT-DIRECTED ADR PROGRAM** |

**NOTICE TO PARTIES:**

It is the policy of this Court to encourage settlement of civil litigation when such is in the best interest of the parties. The Court favors any reasonable means, including alternative dispute resolution (ADR), to accomplish this goal. See Civil L.R. 16-15. Unless exempted by the trial judge, parties in all civil cases must participate in an ADR process before trial. See Civil L.R. 16-15.1.

The district judge to whom the above-referenced case has been assigned is participating in an ADR Program that presumptively directs this case to either the Court Mediation Panel or to private mediation. See General Order No. 11-10, §5. For more information about the Mediation Panel, visit the Court website, www.cacd.uscourts.gov, under "ADR."

Pursuant to Civil L.R. 26-1(c), counsel are directed to furnish and discuss with their clients the attached ADR Notice To Parties before the conference of the parties mandated by Fed.R.Civ.P. 26(f). Based upon the consultation with their clients and discussion with opposing counsel, counsel must indicate the following in their Joint 26(f) Report: 1) whether the case is best suited for mediation with a neutral from the Court Mediation Panel or private mediation; and 2) when the mediation should occur. See Civil L.R. 26-1(c).

At the initial scheduling conference, counsel should be fully prepared to discuss their preference for referral to the Court Mediation Panel or to private mediation and when the mediation should occur. The Court will enter an Order/Referral to ADR at or around the time of the scheduling conference.

Clerk, U.S. District Court

Dated:  Tuesday, September 18, 2012

By:  JPRADO

Deputy Clerk

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**NOTICE TO PARTIES: COURT POLICY ON SETTLEMENT**
**AND USE OF ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**Counsel are required to furnish and discuss this Notice with their clients.**

Despite the efforts of the courts to achieve a fair, timely and just outcome in all cases, litigation has become an often lengthy and expensive process. For this reason, it is this Court's policy to encourage parties to attempt to settle their disputes, whenever possible, through alternative dispute resolution (ADR).

ADR can reduce both the time it takes to resolve a case and the costs of litigation, which can be substantial. ADR options include mediation, arbitration (binding or non-binding), neutral evaluation (NE), conciliation, mini-trial and fact-finding. ADR can be either Court-directed or privately conducted.

The Court's ADR Program offers mediation through a panel of qualified and impartial attorneys who will encourage the fair, speedy and economic resolution of civil actions. Panel Mediators each have at least ten years legal experience and are appointed by the Court. They volunteer their preparation time and the first three hours of a mediationsession. This is a cost-effective way for parties to explore potential avenues of resolution.

This Court requires that counsel discuss with their clients the ADR options available and instructs them to come prepared to discuss the parties' choice of ADR option (settlement conference before a magistrate judge; Court Mediation Panel; private mediation) at the initial scheduling conference. Counsel are also required to indicate the client's choice of ADR option in advance of that conference. See Civil L.R. 26-1(c) and Fed.R.Civ.P. 26(f).

Clients and their counsel should carefully consider the anticipated expense of litigation, the uncertainties as to outcome, the time it will take to get to trial, the time an appeal will take if a decision is appealed, the burdens on a client's time, and the costs and expenses of litigation in relation to the amounts or stakes involved.

Of the more than 9,000 civil cases filed in the District annually, less than 2 percent actually go to trial. The remaining cases are, for the most part: settled between the parties; voluntarily dismissed; resolved through Court-directed or other forms of ADR; or dismissed by the Court as lacking in merit or for other reasons provided by law.

For more information about the Court's ADR Program, the Mediation Panel, and the profiles of mediators, visit the Court website, www.cacd.uscourts.gov, under "ADR."

RECEIVED SEP 2 1 2012

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV12- 8032 JAK (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WENDY ELLEN FLEISCHMANN

             Plaintiffs,

     v.

CARE CREDIT , et al.



             Defendants.

CASE NO:
2:12–cv–08032–JAK–FMO

INITIAL STANDING ORDER FOR
CASES ASSIGNED TO JUDGE
JOHN A. KRONSTADT

**PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS CASE
AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

    This case has been assigned to the calendar of Judge John A. Kronstadt.
Both the Court and counsel bear responsibility for the progress of this litigation
in federal court. To "secure the just, speedy, and inexpensive determination"
of this case, as called for in Fed. R. Civ. P. 1, all parties or their counsel are
ordered to become familiar with the Federal Rules of Civil Procedure, the Local
Rules of the Central District of California, and this Court's standing orders.

///

///

THE COURT ORDERS AS FOLLOWS:

**1.    Service of the Complaint**

The plaintiff shall promptly serve the complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5–3.1. Although Fed. R. Civ. P. 4(m) does not require the summons and complaint to be served for 120 days, the Court expects service as soon as service can reasonably be accomplished. The Court will require plaintiffs to show good cause to extend the service deadline beyond 120 days.

**2.    Presence of Lead Counsel**

Lead trial counsel shall attend any scheduling, pretrial, or settlement conference set by the Court unless engaged in trial. Should that occur, counsel are to contact the Courtroom Deputy Clerk in advance of the conference to determine whether the Court will proceed with alternate counsel. The Court does not permit special appearances; only counsel of record may appear at any proceeding.

**3.    Ex Parte Applications**

Ex parte applications are solely for extraordinary relief and should be used with discretion. *See Mission Power Engineering Co. v. Continental Casualty Co.,* 883 F. Supp. 488 (C.D. Cal. 1995). Ex parte applications that fail to conform to to Local Rule 7–19 and 7–19.1, including a statement of opposing counsel's position, will not be considered, except on a specific showing of good cause. Concurrently, with service of the ex parte papers by electronic service, facsimile, or personal service, the moving party shall notify the opposition that opposing papers must be filed no later than twenty–four (24) hours (or one court day) following service. On the day the documents are e–filed, a conformed courtesy copy of moving, opposition, or notice of non–opposition papers are to be hand–delivered to the Courtroom Deputy Clerk in Room 181–L of the Clerk's Office. If counsel do not intend to oppose the ex parte application, counsel must inform the Courtroom Deputy Clerk by telephone as soon as possible.

**4.   Continuances or Extensions of Time**

This Court is very committed to adhering to all scheduled dates. In general, this makes the judicial process more efficient and less costly. Changes in dates are disfavored. Trial dates set by the Court are firm and will rarely be changed.

Therefore, any request, whether by application or stipulation, to continue the date any matter before this Court must be supported by a sufficient basis that demonstrates good cause why the change in the date is essential. Without such compelling factual support, requests to continue dates set by this Court will not be approved. Counsel requesting a continuance must electronically file any application or stipulation and lodge a proposed order including a detailed declaration of the grounds for the requested continuance or extension of time. The Court will not consider any request that does not comply with the Local Rules and this Order. Proposed stipulations extending scheduling dates become effective only if, and when, this Court approves the stipulation as presented to, or modified by, the Court, and an associated order is entered. Counsel should avoid submitting requests for a continuance less than at least five (5) court days prior to the scheduled date is the subject of the request.

**5.   TROs and Injunctions**

Parties seeking emergency or provisional relief shall comply with Fed. R. Civ. P. 65 and Local Rule 65. The Court will not rule on any application for such relief for at least 24 hours after the party subject to the requested order has been served, unless service is excused. Such party may file opposing or responding papers in the interim.

**6.   Cases Removed from State Court**

All documents filed in state court, including documents appended to the complaint, answers, and motions, must be re–filed in this Court as a supplement to the notice of removal. See 28 U.S.C. § 1447(a) and (b). If the defendant has not yet answered or filed a motion in response to the complaint, the answer or

1  responsive pleading filed in this Court must comply with the Federal Rules of Civil

2  Procedure and the Local Rules. If, before the case was removed, a motion or

3  demurrer in response to the complaint was pending in state court, it must be

4  re–noticed in this Court in accordance with Local Rule 7. Counsel shall file with

5  their first appearance an original and two copies of a Notice of Interested Parties

6  in accordance with Local Rule 7.1

7       If an action is removed to this Court that contains a form pleading, i.e.,

8  a pleading in which boxes are checked, the party or parties utilizing the form

9  pleading must file an appropriate pleading with this Court within thirty (30) days

10  of receipt of the Notice of Removal. The appropriate pleading referred to must

11  comply with the requirements of Fed. R. Civ. P. 7, 7.1, 8, 9, 10 and 11.

12  **7.   Status of Fictitiously Named Defendants**

13       This Court intends to adhere to the following procedures where a matter is

14  removed to this Court on diversity grounds with fictitiously named defendants.

15  *See* 28 U.S.C. §§ 1441(a) and 1447.

16       a.   Plaintiff is expected to ascertain the identity of, and serve, any

17  fictitiously named defendant, within 120 days of the removal of the action to

18  to this Court.

19       b.   If plaintiff believes (by reason of the necessity for discovery or

20  otherwise) that fictitiously named defendants cannot be fully identified within

21  the 120–day period, an ex parte application requesting permission to extend that

22  period to effectuate service may be filed with this Court. Such application shall

23  state the specific reasons for the requested extension of time, including a description

24  of all efforts made up to that time to identify and serve such person(s). The ex parte

25  application shall be served upon all appearing parties, and shall state that appearing

26  parties may file written comments within seven (7) days of the filing of the ex parte

27  application.

28  ///

c.   If plaintiff wants to substitute a defendant for one of the fictitiously named defendants, plaintiff shall first seek the consent of counsel for all defendants (and counsel for the fictitiously named party, if that party has separate counsel). . If consent is withheld or denied, plaintiff should file a motion on regular notice. The motion and opposition should address whether the matter should thereafter be remanded to the Superior Court if complete diversity of citizenship would no be present as a result of the addition of the new party. See U.S.C. § 1447(c), (d).

**8.    Discovery**

**a.    Discovery Matters Referred to Magistrate Judge**

All discovery matters, including all discovery motions, are referred to the assigned United States Magistrate Judge. The Magistrate Judge's initials follow the District Judge's initials next to the case number on this Order. All discovery–related documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing. Please deliver mandatory chambers copies of discovery–related papers to the Magistrate Judge assigned to this case rather than to this Court.

In accordance with 28 U.S.C. § 636(b)(1)(A), the Court will not reverse any order of the Magistrate Judge unless it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.

Any party may file and serve a motion for review and reconsideration before this Court. See Local Rule 72–2. The moving party must file and serve the motion within 14 days of service of a written ruling or within 14 days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with points and authorities. Counsel shall deliver a conformed copy of the moving papers and responses to the Magistrate Judge's Courtroom Deputy Clerk at the time of filing.

**b.   Compliance with Fed. R. Civ. P. 26(a)**

Unless there is a likelihood that, upon motion by a party, the Court would order that any or all discovery is premature, counsel should begin to conduct discovery actively before the Scheduling Conference. At the very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose firm deadlines to complete discovery.

**9.   Motions**

**a.   Time for Filing and Hearing Motions**

Motions shall be filed in accordance with Local Rule 7. In general, this Court hears motions on Mondays, beginning at 8:30 a.m. If Monday is a national holiday, motions will be heard on the next Monday. It is not necessary to clear a hearing date with the Court Clerk before filing a motion. If the motion date selected is not available, the Court will issue a minute order continuing the date. Counsel should check the Court's website for Closed Motion Dates.

**b.   Pre–Filing Requirements To Meet and Confer**

Counsel must comply with Local Rule 7–3, which requires counsel to engage in a pre–filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Counsel should discuss the the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non–substantive matters during the conference. The *in propria persona* status of one or more parties does not alter this requirement.

**c.   Length and Format of Motion Papers**

Memoranda of points and authorities shall not exceed 25 pages and all footnotes shall be in the same type size as text. See Local Rules 11–6 and 11–3.1.1.

–6–

1 Any reply shall not exceed 10 pages. Only in rare instances and for good cause

2 shown will the Court grant an application to extend these page limitations. No

3 supplemental brief shall be filed without prior leave of Court. If documentary

4 evidence in support of or in opposition to a motion exceeds 50 pages, the evidence

5 must be separately bound and tabbed and include an index. If such evidence

6 exceeds 200 pages, the documents shall be placed in a Slant D–Ring binder, with

7 index and with each item of evidence separated by a tab divider on the right side.

8 **d.    Citations to Case Law**

9 Citations to case law must identify not only the case cited, but the specific

10 page referenced. For example, if a quotation is presented, the associated page

11 citation shall be provided. Similarly, if a case is cited in support of a proposition

12 based on language in the opinion, the page(s) on which such language appears

13 shall be provided.

14 **e.    Citations to Other Sources**

15 Statutory references should identify with specificity the sections and

16 subsections referenced. Citations to treatises, manuals, and other materials

17 should include the volume, section, and pages that are referenced.

18 **f.    Oral Argument**

19 If the Court deems a matter appropriate for decision without oral argument,

20 the Court will notify the parties in advance. Local Rule 7–15.

21 **10.    Specific Motions**

22 **a.    Motions Pursuant to Rule 12**

23 Many motions to dismiss or to strike can be avoided if the parties confer

24 in good faith (as required by Local Rule 7–3), especially where perceived defects

25 in a complaint, answer, or counterclaim that could be corrected by amendment.

26 *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss

27 is granted, a district court should provide leave to amend unless it is clear that the

28 complaint could not be saved by any amendment). Moreover, a party has the right

1   to amend the complaint "once as a matter of course at any time before a responsive

2   pleading is served." Fed. R. Civ. P. 15(a). A Rule 12(b)(6) motion is not a

3   responsive pleading and therefore plaintiff might have a right to amend. *See,*

4   *e.g., St. Michael's Convalescent Hospital v. California*, 643 F.2d 1369,

5   1374 (9th Cir. 1981). Even after a complaint has been amended or a responsive

6   pleading has been served, the Federal Rules provide that leave to amend should

7   be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth

8   Circuit requires that this policy favoring amendment be applied with "extreme

9   liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079

10  (9th Cir. 1990).

11       These principles require that plaintiff's counsel carefully evaluate defendant's

12  contentions as to the deficiencies in the complaint. In most instances, the moving

13  party should agree to any amendment that would cure the defect.

14       **b.   Motions to Amend**

15       All motions to amend pleadings shall: (1) state the effect of the amendment

16  and (2) identify the page and line number(s) and wording of any proposed change

17  or addition of material. The proposed amended pleading shall be serially numbered

18  to differentiate it from previously amended pleadings.

19       In addition to the requirements of Local Rule 15–1, counsel shall attach as

20  an appendix to the moving papers a "redlined" version of the proposed amended

21  showing all additions and deletions of material.

22       **c.   Summary Judgment Motions**

23       Parties need not wait until the motion cutoff date to bring motions for summary

24  judgment or partial summary judgment. Whenever possible, the party moving for

25  summary judgment should provide more than the minimum twenty–eight (28) day

26  notice for motions. See Local Rule 6–1. The parties should prepare papers in a

27  fashion that will assist the Court in locating the evidence with respect to the facts

28  ///

(e.g., generous use of tabs, tables of contents, headings, indices, etc.). The parties are to comply precisely with Local Rules 56–1 through 56–4.

### i.   Statements of Uncontroverted Facts and Genuine Issues

The Statement of Uncontroverted Facts and Conclusions of Law ("Statement of Uncontroverted Facts"), as required by Local Rule 56–1 shall separately identify each claim for relief on which the moving party seeks summary judgment and the legal grounds for summary judgment. In a two–column format beneath the identified claim for relief, the left–hand column shall set forth, sequentially numbered, each allegedly uncontroverted material fact as to that claim for relief, and the right–hand column shall set forth the evidence that supports the factual statement. Citation to the supporting evidence shall be specific, including reference to the exhibit, page, and line number. The Statement of Uncontroverted Facts shall be formatted based on the following examples:

**Plaintiff's Claim for Relief for _____ is Barred by the Applicable Statute of Limitations. (Cite)**

| 1.  (Moving party's first undisputed fact) | (Supporting evidence citation) |
| 2.  (Moving party's second undisputed fact) | (Supporting evidence citation) |

The opposing party's statement of genuine issues must be in two columns track the movant's separate statement exactly as prepared. The left–hand column must restate the allegedly undisputed fact and the alleged supporting evidence, and the right–hand column must state either that it is undisputed or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, such party must clearly indicate what part is being disputed, followed by the opposing party's evidence controverting the fact. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other evidence, and describe what it is in that exhibit or evidence that refutes the asserted fact. No legal argument should be set forth in this document.

The opposing party may submit additional material facts that bear on, or relate to, the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right–hand column the evidence that supports that statement.

### ii.   Statements of Uncontroverted Facts and Genuine Issues

No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement shall not be submitted in opposition to a motion for summary judgment.

Evidence submitted in support of or in opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the memorandum of points and authorities. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity.

### iii.   Objections to Evidence

If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection should be succinctly stated in a separate statement of evidentiary objections in a three–column format. The left column should identify the items objected to (including page and line number if applicable). The middle column should set forth a concise objection (e.g., hearsay, lacks foundation, etc.) with a citation to the Federal Rules of Evidence or, where applicable, a case citation. The right column should provide space for the Court's entry of its ruling on the objection.

**11.   Notice of This Order**

Plaintiff's counsel or plaintiff (if appearing on his or her own behalf) shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the Court by a Petition for Removal, the removing defendant(s) shall serve this Order on all other parties.

**IT IS SO ORDERED.**

DATED: September 24, 2012          */s/ John A Kronstadt*
                                    John A Kronstadt
                                    United States District Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WENDY ELLEN FLEISCHMANN

Plaintiffs,

v.

CARE CREDIT , et al.

Defendants.

CASE NO:
2:12–cv–08032–JAK–FMO

ORDER SETTING RULE 16(b)
SCHEDULING CONFERENCE

December 10, 2012 at 01:30 PM Joint
Report Due: (10 days before the date
of the conference)

This case has been assigned to Judge John A. Kronstadt. This Order applies
to all parties in this action, whether or not they are represented by counsel.
"Counsel" as used in this Order, also refers to parties who are representing
themselves. If plaintiff has not already served the complaint (or any amendment
thereto) on each defendant, plaintiff shall promptly do so and shall file proofs of
service within three days thereafter. Defendant(s) also shall timely serve and file
their responsive pleadings and file proofs of service within three days thereafter.

This matter is set for a scheduling conference on the above date. The
conference will be held pursuant to Fed.R.Civ.P. 16(b). The parties are reminded
of their obligations under Fed.R.Civ.P. 26(a)(1) to disclose information (without
awaiting a discovery request) and under R. 26(f) to confer on a discovery plan

1  not later than twenty–one (21) days prior to the scheduling conference and to

2  file a report with the Court entitled "Joint Rule 16(b) Report" not later than

3  fourteen (14) days after they confer. Please comply with these requirements; it

4  will simplify the Scheduling Conference.

5       The Court encourages counsel to begin to conduct discovery actively before

6  the Scheduling Conference. The Court encourages prompt, early discovery

7  because at the Scheduling Conference the Court will set firm deadlines to

8  complete discovery. Even if there is no agreement to conduct discovery

9  prior to the Scheduling Conference, the parties shall comply fully with the letter

10  and spirit of Fed.R.Civ.P. 26(a) and thereby obtain and produce most of what

11  would be produced in the early stage of discovery.

12  **1.    Joint Rule 16(b) Report**

13       The Joint Rule 16(b) Report, which shall be filed not later than one week

14  before the scheduling conference, shall be drafted by plaintiff's counsel (unless

15  the parties agree otherwise or unless plaintiff is self–represented, in which case

16  defendant's counsel), but shall be submitted and signed jointly. "Jointly"

17  contemplates a single report, regardless of how many separately–represented

18  parties there are. The Joint Rule 16(b) Report shall report on all matters

19  enumerated below, which include those required to be discussed by Rule 26(f)

20  and Local Rule 26. The Joint Rule 26(f) Report should set forth the following

21  information under section headings corresponding to those in this Order:

22       a.    Statement of the case: A short synopsis (not to exceed two pages) of

23            the main claims, counterclaims, and affirmative defenses.

24       b.    Subject matter jurisdiction: A statement of the specific basis of federal

25            jurisdiction, including supplemental jurisdiction.

26       c.    Legal issues: A brief description of the key legal issues, including any

27            unusual substantive, procedural, or evidentiary issues.

28  ///

d.    <u>Parties and Non–Party Witnesses</u>: A list of parties and percipient witnesses on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

e.    <u>Damages</u>: The realistic range of provable damages.

f.    <u>Insurance</u>: Whether there is insurance coverage.

g.    <u>Motions</u>: A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings or transfer venue.

h.    <u>Manual for Complex Litigation</u>: Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

i.    <u>Status of discovery</u>: A discussion of the present state of discovery, including a summary of completed discovery.

j.    <u>Discovery plan</u>: A detailed discovery plan, as contemplated by Rule 26(f), including the identity of all anticipated deponents and dates by which their depositions are to be completed (if possible), anticipated written discovery requests, including requests for admission, document requests, and interrogatories, and a schedule for completion of all discovery. State what, if any, changes in the disclosures under Rule 26(a) should be made, the subjects on which discovery may be needed and whether discovery should be conducted in phases or limited in some manner, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders. Please note that a statement to the effect that discovery will be conducted as to all claims and defenses, will not satisfy this requirement.

k.    <u>Discovery cut–off</u>: A proposed discovery cut–off date. This means the final day for completion of non–expert discovery, including resolution of all discovery motions.

///

l.      <u>Expert discovery</u>: Proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut–off under Rule 26(a)(2).

m.      <u>Expert discovery</u>: A description of the issues or claims that any party believes may be determined by motion for summary judgment or motion *in limine*.

n.      <u>Settlement</u>: A statement of what settlement discussions or written communications have occurred (excluding any disclosure or discussion of the substantive matters or terms discussed) and a statement pursuant to Local Rule 16–15.4 about selecting a settlement mechanism under that Rule. If a case is selected for the ADR Program, the parties may choose private mediation at their own expense. No case will proceed to trial unless all parties with full authority to settle the case – including, as to each corporate party, an officer who has such authority – have appeared personally at a settlement conference.

o.      <u>Trial estimate</u>: A realistic estimate of the time required for trial and whether trial will be by jury or by the Court. Each side should specify (by number, not by name) how many witnesses it contemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds five court days, counsel shall be prepared to discuss in detail the estimate.

p.      <u>Trial counsel</u>: The name(s) of the attorney(s) who will try the case, including those will be lead trial counsel.

q.      <u>Independent Expert or Master</u>: Whether this is a case in which the Court should consider appointing a Master pursuant to Rule 53 or an independent scientific expert.

r.      <u>Timetable</u>: Please complete the Schedule of Pretrial and Trial Dates form attached as Exhibit A to this Order and attach it to the Joint Rule 26(f) Report. The entries in the "Weeks Before Trial" column

1  reflect what the Court believes are appropriate for most cases and will

2  allow the Court to rule on potentially dispositive motions sufficiently

3  far in advance of the pretrial conference. The form is designed to

4  to enable counsel to ask the to set different last dates by which the

5  key requirements must be completed. Each side should fill in the

6  month, day, and year it requests for each event. *E.g.*, for the expert

7  discovery cut–off it might be "10/7/12" for plaintiff and "10/28/12" for

8  defendant, if they cannot agree. Each entry proposing a Court date

9  shall be on a Monday, except the trial date, which will be a Tuesday.

10  At the conference, the Court will review this form with counsel in

11  determining the dates that will be set in the case. The cut–off date

12  for motions is the last date on which motions may be heard, not filed

13  The Court is not likely to continue this date, and will not do so unless

14  the trial date is also continued. Following the Scheduling Conference,

15  the Court will issue an "Order on Court/Jury Trial." This Order will

16  set forth all pre–trial and trial obligations of counsel, and, where

17  applicable, the deadlines for each.

18  s.  Other issues: A statement of any other issues affecting the status or

19  management of the case (*e.g.*, unusually complicated technical or

20  technological issues, disputes over protective orders, extraordinarily

21  voluminous document production, non–English speaking witnesses,

22  ADA–related issues, discovery in foreign jurisdictions) and any

23  proposals concerning severance, bifurcation, or other ordering of proof.

24  t.  Patent Cases: Propose dates and methodology for claim construction

25  and *Markman* hearings.

26  u.  Do the parties wish to have a Magistrate Judge preside? Under 28

27  U.S.C. § 636, the parties may consent to have a Magistrate Judge

28  preside over all the proceedings, not just discovery. They may select any

–5–

Magistrate Judge (not just the one assigned to this case) from among those Magistrate Judges who accept these designations. (They are identified on the Central District's website, which also contains the consent form.)

**1.   Scheduling Conference**

The Scheduling Conference will be held in Courtroom 750 of the Roybal Federal Courthouse at 255 East Temple Street. Counsel shall comply with the following with respect to the Scheduling Conference:

    a.   Participation: The lead trial attorney for each party shall attend the Scheduling Conference unless such counsel is engaged in trial, on vacation, or excused for good cause following a written request addressed to the Clerk in advance of the Scheduling Conference.

    b.   Continuance: A continuance of the Scheduling Conference will be granted only for good cause, following a written request addressed to the Clerk in advance of the Scheduling Conference.

    c.   Use of Conference Telephone: In general , the Court prefers in– person appearances. However, if one or more of the lead counsel has his or her office outside of Los Angeles County, or under other appropriate circumstances, the Court may, upon the request of one or more counsel, conduct the status conference by conference telephone call. Please contact the court clerk at (213) 894–2156 to request approval of, and to receive details about, a call–in appearance.

**3.   Protective Orders**

If you seek a protective order, please use your best efforts to propose it to opposing counsel before the Scheduling Conference.

**4.   Notice to be Provided by Counsel**

Plaintiff's counsel or, if plaintiff is self–represented, defendant's counsel,

///

1  shall serve this Order on any parties who first appear after the date of this Order

2  and to parties who are known to exist but have not yet entered appearances.

3  **5.**    **Disclosure to Clients**

4       Counsel are ordered to deliver to their respective clients a copy of this Order

   and of the Court's Scheduling and Case Management Order, which will set forth

5  the schedule that the Court establishes at the Scheduling Conference.

6  **6.**    **Court's Website**

7  A copy of this order is available on the Central District of California website,

8  at "www.cacd.uscourts.gov," under "Judge's Requirements."

9       The Court thanks the parties and their counsel for their anticipated

   cooperation in carrying out these requirements.

10

11       **IT IS SO ORDERED.**

12  DATED: September 24, 2012             */s/ John A Kronstadt*
                                           John A Kronstadt
13                                         United States District Judge

14

15  Copies to: All Counsel of Record

16

17

18

19

20

21

22

23

24

25

26

27

28

–7–

## SCHEDULE OF PRETRIAL AND TRIAL DATES

| Case No.: | |
|---|---|
| Case Name: | |

| Matter | | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|
| [  ] Jury Trial  [  ] Court Trial: **(Tuesday at 9:00 a.m.)** <br><br> Duration Estimate: ____ Days / ____ Weeks | | | | |
| Status Conference re Exhibits: **(Friday at 3:00 p.m.)** <br><br> Friday before the trial date | | | | |
| Final Pretrial Conference: **(Monday at 3:00 p.m.)** <br><br> 2 weeks before the trial | | | | |
| Post Mediation Status Conference: **(Monday at 1:30 p.m.)** <br><br> 30 days before the cut-off date | | | | |

| Matter | Weeks Before Trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|
| Last Date to Amend Pleadings/Add Parties | | | | |
| Non-Expert Discovery Cut-Off | 16 | | | |
| Expert Disclosure (initial) | 15 | | | |
| Expert Disclosure (rebuttal) | 11 | | | |
| Last Date to Conduct Settlement Conference | 10 | | | |
| Expert Discovery Cut-Off | 8 | | | |
| Last Date to Hear Motions | 8 | | | |

| Settlement Procedure Selection (ADR-12 Form will be completed by Court): 1. Magistrate Judge 2. Attorney Settlement Officer Panel 3. Outside ADR/Non-Judicial | | |
|---|---|---|