O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WENDY ELLEN FLEISCHMANN, | ) | Case No. CV 12-08032 DDP (FMOx) |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | ) | |
| | ) | [Dkt. No. 15] |
| CARE CREDIT, a limited liability corporation; GE CAPITAL RETAIL BANK, | ) | |
| Defendants. | ) | |

    Presently before the court is Defendants' Motion to Dismiss, or in the Alternative, to Strike Plaintiff's Claims for Punitive Damages. For the reasons stated below, the court GRANTS the motion with leave to amend.

I. BACKGROUND

    Plaintiff Wendy Ellen Fleischmann filed a First Amended Complaint ("FAC") in the Superior Court of California, Los Angeles on August 20, 2012 against Defendants Care Credit and GE Money Bank (collectively "Defendants" or "GECRB"). Plaintiff's claims are for: (1) violations of the Fair Credit Reporting Act ("FCRA"); (2) violation of the Song-Beverly Credit Card Act of 1971 ("Song-

Beverly Act"); (3) injunctive relief; and (4) declaratory relief. Defendants removed the action to this court.

On June 18, 2008 Plaintiff sought to have refractive surgery performed by the Berg-Feinfeld Vision Correction office ("Berg-Feinfeld"). (FAC ¶ 9.) The surgery cost $4,000.00. (FAC ¶ 9.) At the suggestion of Berg-Feinfeld, Plaintiff entered into a written agreement with Defendants to obtain financing for the surgery ("the Agreement"). (FAC ¶ 10.) The Agreement stated that Defendants would extend the credit to Plaintiff and pay Berg-Feinfeld directly and that Plaintiff would have twelve months, interest-free, to pay off the loan. (FAC ¶ 12.)

Pursuant to the Agreement, Defendants extended Plaintiff credit and paid Berg-Feinfeld. (FAC ¶ 16.) On July 16, 2009, Plaintiff made her final payment of the loan to Defendants. (FAC ¶ 16.) On August 10, 2009, Defendants deducted another payment from Plaintiff's account. (FAC ¶ 18.) After Plaintiff notified Defendants of this error, Defendants agreed to cease all automatic deductions and refunded Plaintiff's money on August 14, 2009. (FAC ¶ 20.) However, Plaintiff continued to receive bills from Defendants, and on November 10, 2009, she received a collection call from Defendant GE Money Bank. (FAC ¶¶ 19, 21.) Defendants placed Plaintiff's account into collections with Allied Interstate Collection Agency on November 14, 2009. (FAC ¶ 23.)

In January 2001 Plaintiff hired Attorney Bohrer in an attempt to resolve this dispute. (FAC ¶ 26.) Plaintiff's attorney sent two letters to Defendants, but did not receive a response to either. (FAC ¶¶ 26-28.)

As a result of this dispute, Plaintiff has a negative entry on her credit profile. (FAC ¶ 30, Exh. 14.) She has been denied credit and subject to increased credit rates (FAC ¶ 29).

**II. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal when the plaintiff's allegations fail to state a claim upon which relief can be granted. "When determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).

In Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), the Supreme Court explained that a court considering a 12(b)(6) motion should first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief") (internal quotation marks omitted).

**III. ANALYSIS**

    **A. FCRA Claim**

Defendants first move to dismiss on the grounds that Plaintiff has failed to state a valid claim under the FCRA. They argue that

(1) Plaintiff's First Cause of Action fails to specify which section(s) of the FCRA Defendants allegedly violated and how their allegations constitute a violation; (2) some of Plaintiff's allegations are unrelated to credit reporting and cannot be used to establish a violation of the FCRA; and (3) Defendants' duties under the FCRA were never triggered because Plaintiff failed to allege that she disputed her claim with a Credit Reporting Agency ("CRA") and that Defendants received notice of the dispute from the CRA.

### 1. Pleading of FCRA Violations

Plaintiff alleges that Defendants' conduct "is in accordance with a systematic course and habit of conduct as to how they continually act as per above, with regard to numerous other customers, all in violation of 15 U.S.C. § 1666 [the Fair Credit Billing Act]; 1681s-2(b) [FCRA]; 1681n [FCRA]; 1681o [FCRA]; 1640 [the Truth in Lending Act]." (FAC ¶ 37.) Defendants assert that this First Cause of Action "fails to clearly specify what section(s) of the FCRA GECRB is alleged to have violated and fails to specify what section(s) of the FCRA GECRB is alleged to have violated and fails to specify exactly how GECRB's conduct allegedly constitutes a violation of the FCRA." (Mot. at 3.) Plaintiff has in fact specified the sections of the FCRA that Defendants violated (1681s-2(b), 1681n, and 1681o), but she does not specify how Defendants' conduct has violated those sections. Although Plaintiff cites those sections along with sections of the Fair Credit Billing Act (15 U.S.C. § 1666) and the Truth in Lending Act (15 U.S.C. § 1640), the citing of other acts does not necessarily make her allegations under the FCRA "fatally vague," as Defendants assert. (Mot. at 3.) Nonetheless, her allegations under both the

4

FCRA and the other Acts are not sufficiently specific.  Plaintiff may amend the complaint to add particularity as to which sections of the Acts are violated and how the allegations constitute violations.

### 2. Billing and Collection Allegations

"[T]he only private right of action under the FCRA against a furnisher of credit information arises when a furnisher of information fails in its duty to adequately investigate disputed information once notified of the dispute by the credit presorting agency." Kellum v. Midland Credit Management, Inc., 2012 WL 3594895 at *2 (W.D. Okla. 2012). Plaintiff does not appear to dispute this assertion. To the extent that Plaintiff is alleging violations of the FCRA, her claims regarding billing and collection are not relevant.

### 3. Reporting Dispute to CRA

A furnisher's duties "arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger a furnisher's duties under subsection (b)." Gorman v. Wolpoff & Abramson, LLP, 552 F.3d 1008, 1014 (9th Cir. 2009). "Congress did provide a filtering mechanism in § 1681s-2(b) by making the disputatious consumer notify a CRA and setting up the CRA to receive notice of the investigation by the furnisher." Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1060 (9th Cir. 2002). "Liability on a furnisher is limited in that an individual consumer cannot state an FCRA claim against a furnisher unless the furnisher receives notice of the disputed information from the CRA and fails to comply with its duties."

Johnson v. Wells Fargo Home Mortgage, Inc., 558 F.Supp.2d 1114, 1120 (D. Nev. 2008).

Plaintiff alleges that she notified Defendants of her dispute directly, but does not allege that she reported her dispute to a CRA. (FAC ¶¶ 22, 27.) In her Opposition, Plaintiff appears to suggest that she notified a CRA; she points to the FAC Exhibit 10, p.3,[1] which appears to be an Equifax Credit Report with a handwritten note reading "Dispute conf. #9216055462, 8/4/09" and some additional notes that are not clearly legible. (Opp. at 4.) Defendants point out that there is no evidence regarding the source of the handwritten note and that its contents are difficult to discern. The court agrees. Nonetheless, the ostensible dispute confirmation number suggests that Plaintiff may be able to substantiate a claim that she reported the dispute to a CRA and, perhaps, that the CRA informed Defendants. For this reason, Plaintiff has leave to amend her complaint to plead that she reported the dispute to a CRA and that Defendants received notice of it.

B. Statute of Limitations for FCRA Claims

Under the FCRA, "[a]n action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.

---

[1] [Exh. 14 p.4?]

1    Defendants argue that because Plaintiff wrote a letter to
2 GECRB on November 10, 2009, but did not file her FCRA claim until
3 August 20, 2012,[2] her FCRA claim was over two years late.
4 Plaintiff responds that the statute of limitations should restart
5 each time there was an injury, namely, each time a credit report
6 issued with erroneous credit information.  Plaintiff cites a Fifth
7 Circuit case in support of that proposition.  The Fifth Circuit
8 held, "[w]e adopt the Restatement's formulation and conclude that
9 each transmission of the same credit report is a separate and
10 distinct tort to which a separate statute of limitations applies.
11 The failure of the consumer to mitigate his damages by filing suit
12 when he is first injured, thus permitting a more widespread
13 circulation of the credit information, should have a bearing only
14 on the calculation of damages." Hyde v. Hibernia Nat. Bank in
15 Jefferson Parish, 861 F.2d 446, 450 (5th Cir. 1988), cert. denied,
16 491 U.S. 910 (1989)(internal quotation marks and citations
17 omitted).  The Fifth Circuit based this holding on the principle
18 that "[t]he day the report is transmitted to a user is usually the
19 date on which injury is inflicted, since that report is used by the
20 institution as the basis for its denial of credit to the consumer.
21 Because the tort is inchoate until the victim is injured, the date
22 upon which the erroneous information is transmitted by the credit
23 agency to the potential user corresponds to the date on which the
24 limitations period for the tort begins." Id. at 449.  The court
25 agrees with this reasoning and adopts it.

---

[2] In her Opposition, Plaintiff uses the date of March 5, 2012. (Opp. at 5.)

The cases that Defendants cite for the proposition that the statute of limitations period begins at the time the plaintiff is put on notice of the violation do not deal with the issue of a repeated injury. In <u>Greenfield v. Citibank</u>, 2009 WL 3614525, *2 (N.D. Cal. Oct. 28, 2009), as Defendants point out, the plaintiff did not dispute that the entire complaint was time-barred, "nor did he identify any factual allegations in his complaint from which the court can conclude that the statute of limitations should be tolled." Likewise, in <u>Grigoryan v. JPMorgan Chase Bank</u>, 2012 WL 1020183 (C.D. Cal. 2012), the plaintiff did not appear to allege any specific instances of harm after her original notice of the basis for her claim. <u>Schaefer v. CBS Collections, Inc.</u>, 2012 WL 2128005 (E.D. Wash. 2012) similarly contains no allegations of additional specific repeated injuries. The court thus finds that Plaintiff's FCRA claim is not barred by the statute of limitations, but that her delay in filing the claim may be taken into account at the damages stage.

C. Preemption of the Song-Beverly Act

Plaintiff also alleges violations of unspecified sections of the Song-Beverly Credit Card Act of 1971 in her Second Cause of Action. (FAC ¶¶ 38-47.) Under this Cause of Action, Plaintiff alleges that Defendants repeatedly demanded payment and that, despite her dispute of the charges, Defendants refused to correct the errors, and that such actions were willful. (<u>Id.</u>) Defendants move to dismiss these claims as preempted by the FCRA.

1    A California Central District court provided a thorough discussion of FCRA preemption in <u>Buraye v. Equifax</u>,[3] the reasoning of which this court now adopts:

> "The FCRA contains two preemption sections restricting state law claims that apply to persons who furnish information under the FCRA." Woods v. Protection One Alarm Monitoring Inc., CV 06-398 SMS, 2007 WL 2391075, *7 (E.D. Cal. Aug. 22, 2007). "When first enacted in 1968, the FCRA had one section dealing with preemption of state law claims." <u>Weseman v. Wells Fargo Home Mortg., Inc.</u>, CV 06-1338 ST, 2008 WL 542961, *2 (D.Or. Feb.22, 2008). 15 U.S.C. § 1681h(e), which is more specific than the FCRA's second preemption provision, provides: "Except as provided in section 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action based in whole or part on the report except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e).

---

[3] See also <u>Macpherson v. JP Morgan Chase Bank</u>, 665 F.3d 45 (2d Cir. 2011)(holding that the FCRA preempted state common law claims for defamation and intentional infliction of emotional distress).

9

> As can be seen, this provision "only preempts state claims for defamation, invasion of privacy and negligence and only to the extent such claims are based on the disclosure of certain types of information and are not based on malice or willful intent to injure." Weseman, 2008 WL 542961 at *2.
>
> In 1996, Congress amended the FCRA to add another, more general preemption provision. See Weseman, 2008 WL 542961 at *2. Section 1681t(b)(1)(F) provides that "[n]o requirement or prohibition may be imposed under the laws of any State (1) with respect to any subject matter regulated under ... section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply-(i) with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or (ii) with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996)."[4]  15 U.S.C. § 1681t(b)(1)(F).

Buraye v. Equifax, 625 F.Supp.2d 894, 897-898(C.D. Cal. 2008).

Plaintiff refers to Section 1681(h)(e) to argue that there is no preemption because Defendants' conduct was willful and malicious.  (Opp. at 6.)  Plaintiff does not appear to address the second preemption section at 1681t(b)(1)(F) in any meaningful way.  This may be because the two sections seem incompatible.  "Numerous courts have recognized that there is an apparent tension between

---

[4] The two state statutes that are exempted from preemption by this section both involve the obligations of credit information furnishers to provide accurate information to credit reporting agencies." Weseman, 2008 WL 542961 at *2. (Footnote by Buraye court.)

10

these two preemption provisions." Buraye v. Equifax, 625 F.Supp.2d 894, 898. The Ninth Circuit has not ruled on the question, but "[t]he majority [of district courts in the Ninth Circuit] has favored the "total preemption' approach, determining that § 1681t(b)(1)(F) totally preempts all state statutory and common law causes of action which fall within the conduct proscribed under § 1681s-2." Buraye v. Equifax, 625 F.Supp.2d 894, 899 (internal quotation marks and citations omitted). See also Purcell v. Bank of America, 659 F.3d 622, 625 (7th Cir. 2011)("Our point is not that § 1681t(b)(1)(F) repeals § 1681h(e) by implication. It is that the statutes are compatible: the first-enacted statute preempts some state regulation of reports to credit agencies, and the second-enacted statute preempts more.") This court adopts joins the majority of this Circuit in adopting the total preemption approach.

Thus, whether Plaintiff's Song-Beverly Act claims are preempted depends on whether the conduct governed by the Song-Beverly Act falls within the conduct proscribed under § 1681s-2 of the FCRA. Here, Plaintiff has not specified which sections of the Song-Beverly Act Defendants violated, but Defendants believe the allegation is that they violated §n1747.70(a), which prohibits a card issuer from "knowingly giv[ing] any untrue credit information to any other person concerning a cardholder." Cal. Civ. Code § 1747.70(a). Section 1681s-2(a) of the FCRA prohibits a person from "furnish[ing] any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). Song-Beverly Act Section 1747.70(a) clearly and

11

substantially overlaps with this provision of the FCRA. Plaintiff has not noted any other applicable Song-Beverly sections, nor do any other statutory sections appear immediately to be applicable.

All of Plaintiff's claims under § 1747.70(a) are therefore preempted. If Plaintiff were to make claims under other sections of the Song-Beverly Act that did not overlap with FCRA § 1681s-2(a), those claims may not be preempted. Plaintiff has leave to amend her Song-Beverly claims, bearing in mind the issue of preemption.

**IV. CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED. Plaintiff's Complaint is dismissed in its entirety, with leave to amend. Any amendment shall be made within ten days of this order.

IT IS SO ORDERED.


Dated: December 6, 2012

DEAN D. PREGERSON

United States District Judge