O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY ELLEN FLEISCHMANN, | Case No. CV 12-08032 DDP (FMOx) |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS** |
| v. | [Dkt. No. 24] |
| CARE CREDIT, a limited liability corporation; GE CAPITAL RETAIL BANK, | |
| Defendants. | |

Presently before the court is Defendants GE Money Bank, now known as GE Capital Retail Bank, and Care Credit LLC's Motion to Dismiss Plaintiff's Second Amended Complaint. Having considered the parties' submissions, the court adopts the following order.

**I. BACKGROUND**

Plaintiff Wendy Ellen Fleischmann filed a First Amended Complaint in the Superior Court of California, Los Angeles on August 20, 2012 against Defendants Care Credit and GE Money Bank (collectively "Defendants" or "GECRB").[1]  Plaintiff's claims are for: (1) violations of the Fair Credit Reporting Act ("FCRA"); (2)

---

[1] She subsequently filed a Second Amended Complaint ("SAC") by leave of this court.

violation of the Song-Beverly Credit Card Act of 1971 ("Song-Beverly Act"); (3) injunctive relief; and (4) declaratory relief. Defendants removed the action to this court.

On June 18, 2008 Plaintiff sought to have refractive surgery performed by the Berg-Feinfeld Vision Correction office ("Berg-Feinfeld"). (SAC ¶ 9.) The surgery cost $4,000.00. (SAC ¶ 9.) At the suggestion of Berg-Feinfeld, Plaintiff entered into a written agreement with Defendants to obtain financing for the surgery ("the Agreement"). (SAC ¶ 10.) The Agreement stated that Defendants would extend the credit to Plaintiff and pay Berg-Feinfeld directly and that Plaintiff would have twelve months, interest-free, to pay off the loan. (SAC ¶ 12.)

Pursuant to the Agreement, Defendants extended Plaintiff credit and paid Berg-Feinfeld. (SAC ¶ 13.) On July 16, 2009, Plaintiff made her final payment of the loan to Defendants. (SAC ¶ 16.) On August 10, 2009, Defendants deducted another payment from Plaintiff's account. (SAC ¶ 17.) After Plaintiff notified Defendants of this error, Defendants agreed to cease all automatic deductions and refunded Plaintiff's money on August 14, 2009. (SAC ¶¶ 18, 21.) However, Plaintiff continued to receive bills from Defendants, and on November 10, 2009, she received a collection call from Defendant GE Money Bank. (SAC ¶¶ 20, 22.) Defendants placed Plaintiff's account into collections with Allied Interstate Collection Agency on November 14, 2009. (SAC ¶ 24.)

In January 2011 Plaintiff hired Attorney Bohrer in an attempt to resolve this dispute. (SAC ¶ 28.) Plaintiff's attorney sent two letters to Defendants, but did not receive a response to either. (SAC ¶¶ 28-30.)

As a result of this dispute, Plaintiff has a negative entry on her credit profile. (SAC ¶ 31, Exh. 13.) She has been denied credit and subject to increased credit rates (SAC ¶ 31).

On December 6, 2012, this court granted Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. Plaintiff filed a Second Amended Complaint on December 17, 2012.

**II. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal when the plaintiff's allegations fail to state a claim upon which relief can be granted. "When determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).

In Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), the Supreme Court explained that a court considering a 12(b)(6) motion should first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief") (internal quotation marks omitted).

**III. ANALYSIS**

3

1  Defendants argue (1) that Plaintiff fails to state a claim
2  under the Fair Credit Reporting Act ("FCRA") because she fails to
3  specify clearly what section(s) of the FCRA Defendants are alleged
4  to have violated and to specify exactly how Defendants' conduct
5  allegedly violated the FCRA, and because she includes extraneous
6  factual allegations not relevant to the FCRA claims, and (2)
7  Plaintiff's Second Cause of Action for violations of California's
8  Credit Reporting Agencies Act (the "CCRAA") fails to state a claim
9  because it alleges violations of nonexistent California Code
10 sections.
11 The court finds that, viewed in the light most favorable to
12 Plaintiff, the SAC states a claim for relief. The SAC includes
13 factual allegations sufficient to put Defendants on notice of
14 Plaintiff's claims. Construed in a light most favorable to
15 Plaintiff, these allegations state a claim for violation of the
16 specified sections of the FCRA.  Plaintiff's inclusion of
17 allegations unrelated to credit reporting may not be directly
18 relevant to her claims, but they can be construed as providing
19 background to the action.
20 The court also finds that Plaintiff's Second Cause of Action
21 contained a repeated typographical error in the recitation of the
22 relevant statutory sections.  The court declines to dismiss the SAC
23 on that basis and considers that instead of referencing "California
24 Civil Code §§ 1781.10, 1781.16, 1781.20, 1781.20.2, 1781.15,
25 1781.15, 1781.15.2, and 1785.25(a) and (g)," ¶ 50 of the SAC was
26 referencing California Civil Code §§ 1785.10, 1785.16, 1785.20,
27 1785.20.2, 1785.15, 1785.15.2, and 1785.25(a) and (g), as stated in
28

4

Plaintiff's Opposition brief.  Plaintiff is ORDERED to file a Notice of Errata to this effect within seven days of this Order.

**IV. CONCLUSION**

Defendants' Motion is DENIED.  **Plaintiff shall file a Notice of Errata to correct the statutory sections recited in her Second Cause of Action within seven days of the date of this Order.**

IT IS SO ORDERED.

Dated: February 1, 2013

DEAN D. PREGERSON
United States District Judge

5