Daniel J. O'Rielly (State Bar No. 214846)
**O'RIELLY & ROCHE LLP**
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: (415) 952-3002
Facsimile: (415) 520-9394

Attorneys for Defendants
GE CAPITAL RETAIL BANK, formerly
known as GE MONEY BANK, and
CARE CREDIT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WENDY ELLEN FLEISCHMANN,<br><br>Plaintiff,<br><br>v.<br><br>CARE CREDIT, a Limited Liability corporation of unknown citizenship, and GE MONEY BANK, a business entity, form unknown, and DOES 1 through 1,000;<br><br>Defendants. | Case No. CV12-08032 DDP (FMOx)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>The Honorable Dean D. Pregerson |

Defendants GE CAPITAL RETAIL BANK, formerly known as GE MONEY BANK, and Defendant CARE CREDIT (hereinafter, collectively, "GECRB" or "Defendant") hereby submit their Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint ("SAC").

GECRB responds to the numbered paragraphs of the Complaint as follows:

1. Defendant states that the allegations of Paragraph 1 are legal conclusions, to which no response is required. To the extent that a response by Defendant to this

1  paragraph is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

2.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2 of the SAC and, on that basis, denies the allegations.

3.  Defendant GE CAPITAL RETAIL BANK is a federal savings bank, organized and existing under the laws of the United States, which uses CARE CREDIT for marketing purposes in certain circumstances.  Defendant denies the allegations of Paragraph 3 of the SAC.

4.  Defendant GE CAPITAL RETAIL BANK is a federal savings bank, organized and existing under the laws of the United States, which uses CARE CREDIT for marketing purposes in certain circumstances.  Defendant denies the allegations of Paragraph 4 of the SAC.

5.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 5 of the SAC and, on that basis, denies the allegations.

6.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 6 of the SAC and, on that basis, denies the allegations.

7.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7 of the SAC and, on that basis, denies the allegations.

8.  Defendant incorporates by reference its responses to all of the preceding paragraphs of the SAC as if fully set forth herein.

9.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9 of the SAC and, on that basis, denies the allegations.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 10 of the SAC and, on that basis, denies the allegations.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11 of the SAC and, on that basis, denies the allegations.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12 of the SAC and, on that basis, denies the allegations.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13 of the SAC and, on that basis, denies the allegations.

14. Defendant states that the allegations of Paragraph 14 of the SAC are legal conclusions, to which no response is required. To the extent that a response by Defendant to this paragraph is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

15. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 15 of the SAC and, on that basis, denies the allegations.

16. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 16 of the SAC and, on that basis, denies the allegations.

17. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 17 of the SAC and, on that basis, denies the allegations.

18. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18 of the SAC and, on that basis, denies the

allegations.

19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 19 of the SAC and, on that basis, denies the allegations.

20. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 20 of the SAC and, on that basis, denies the allegations.

21. Defendant states that the allegations of Paragraph 21 of the SAC are legal conclusions, to which no response is required.  To the extent that a response by Defendant to this paragraph is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

22. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 22 of the SAC and, on that basis, denies the allegations.

23. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23 of the SAC and, on that basis, denies the allegations.

24. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24 of the SAC and, on that basis, denies the allegations.

25. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 25 of the SAC and, on that basis, denies the allegations.

26. Defendant states that the allegations of Paragraph 26 are legal conclusions, to which no response is required.  To the extent that a response by Defendant to this paragraph is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the

allegations.

27. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 27 of the SAC and, on that basis, denies the allegations.

28. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 28 of the SAC and, on that basis, denies the allegations.

29. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 29 of the SAC and, on that basis, denies the allegations.

30. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 30 of the SAC and, on that basis, denies the allegations.

31. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 31 of the SAC and, on that basis, denies the allegations.

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 32 of the SAC and, on that basis, denies the allegations.

33. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 33 of the SAC and, on that basis, denies the allegations.

34. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 34 of the SAC and, on that basis, denies the allegations.

35. Defendant incorporates by reference its responses to all of the preceding paragraphs of SAC as if fully set forth herein.

36. Defendant states that the allegations of Paragraph 36 are legal conclusions,

5
DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

to which no response is required.  To the extent that a response by Defendant to this paragraph is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

37.  Defendant states that the allegations of Paragraph 37 are legal conclusions, to which no response is required.  To the extent that a response by Defendant to this paragraph is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

38.  Defendant states that the allegations of Paragraph 38 are legal conclusions, to which no response is required.  To the extent that a response by Defendant to this paragraph is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 38 (a)–(f) of the SAC and, on that basis, denies the allegations.

39.  Defendant denies the allegations of Paragraph 39 of the SAC.

40.  Defendant states that the allegations of Paragraph 40 are legal conclusions, to which no response is required.  To the extent that a response by Defendant to this paragraph is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

41.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 41 of the SAC and, on that basis, denies the allegations.

42.  Defendant states that the allegations of Paragraph 42 are legal conclusions, to which no response is required.  To the extent that a response by Defendant to this paragraph is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

43. Defendant incorporates by reference its responses to all of the preceding paragraphs of the SAC as if fully set forth herein.

44. Defendant states that the allegations of Paragraph 44 are legal conclusions, to which no response is required. To the extent that a response by Defendant to this paragraph is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

45. Defendant states that the allegations of Paragraph 45 are legal conclusions, to which no response is required. To the extent that a response by Defendant to this paragraph is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

46. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 46 of the SAC and, on that basis, denies the allegations.

47. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 47 of the SAC and, on that basis, denies the allegations.

48. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 48 of the SAC and, on that basis, denies the allegations.

49. Defendant denies the allegations of Paragraph 49 of the SAC.

50. Defendant states that the allegations of Paragraph 50 (as modified pursuant to Plaintiff's Notice of Errata filed on February 6, 2013) are legal conclusions, to which no response is required. To the extent that a response by Defendant to this paragraph is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

51.     Defendant states that the allegations of Paragraph 51 are legal conclusions, to which no response is required.  To the extent that a response by Defendant to this paragraph is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

52.     Defendant states that the allegations of Paragraph 52 are legal conclusions, to which no response is required.  To the extent that a response by Defendant to this paragraph is deemed necessary, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

53.     Defendant denies that Plaintiff is entitled to any of the relief requested in Paragraph 53 of the SAC.  Defendant also denies that Plaintiff is entitled to any of the relief requested in subsequent Paragraphs I (a)-(c) and II(a)-(d) of the SAC.

## AFFIRMATIVE DEFENSES

54.     GECRB alleges that the SAC fails to state facts sufficient to constitute a cause of action against it.

55.     GECRB alleges that the SAC, and each and every cause of action contained therein, is barred by the equitable doctrine of unclean hands.

56.     GECRB alleges that the SAC, and each and every cause of action contained therein, is barred by the equitable doctrine of laches.

57.     GECRB alleges that Plaintiff's prior conduct operated as estoppel and waiver of any rights to file this action.

58.     GECRB alleges that it acted in good faith at all times in its dealings with Plaintiff, and if any of its conduct is found to have been unlawful, which GECRB expressly denies, such conduct was not willful and would not give rise to liability.

59.     GECRB alleges that it has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant state and federal laws.

60.     Any alleged acts or omissions of GECRB that give rise to Plaintiff's

claims are the result of an unintentional, bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

61. Any alleged acts or omissions of GECRB that give rise to Plaintiff's claims are the result of innocent mistake.

62. GECRB alleges that the SAC and each purported Cause of Action contained therein were brought without a reasonable cause and without a good faith belief that there was a justiciable controversy under the facts and the law to warrant the filing of the SAC against GECRB; Plaintiff is therefore responsible for all necessary and reasonable defense by GECRB, including attorney's fees incurred by GECRB in connection with the SAC.

63. GECRB alleges that Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

64. GECRB alleges that the SAC and each and every cause of action therein are barred because Plaintiff failed to mitigate damages, and the damages alleged in the SAC resulted, in whole or in part, from the Plaintiff's failure to mitigate her damages.

65. Plaintiff did not exercise ordinary care, caution and prudence in connection with the transactions and events alleged in the SAC, and Plaintiff is therefore barred entirely from recovery against GECRB; alternatively, Plaintiff should have her recovery, if any, proportionately reduced.

66. If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, and/or negligence, and/or intentional misconduct of Plaintiff, and not by GECRB.

67. If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties, and not by GECRB.

68. GECRB has committed no act or omission causing damage to Plaintiff.

69. The damages claimed by Plaintiff in the SAC are speculative.

70. GECRB is entitled to an offset to the claims set forth in the SAC sufficient to diminish or defeat Plaintiff's recovery thereunder. GECRB's offset includes, but is not limited to, various expenditures and Plaintiff's debt to GECRB.

71. GECRB alleges that it is not legally responsible for the acts and/or omissions of any named or unnamed cross-defendants, or of any cross-defendants named in this litigation as DOES or ROES.

72. Plaintiff's claims fail for uncertainty.

73. Plaintiff's claims against GECRB are without merit in that there is no legal duty that would have required GECRB to conduct itself differently than it did.

74. GECRB was justified and privileged in taking the actions alleged in the SAC.

75. GECRB's acts were not a substantial factor leading to Plaintiff's alleged damages, and GECRB's acts were not the proximate cause of Plaintiff's alleged damages.

76. Plaintiff has failed to exhaust the contractual and/or administrative remedies available to them.

77. GECRB alleges that if the services described in the SAC were supplied, they were supplied in accordance with a legally-enforceable agreement, and were supplied in accordance with any and all applicable laws.

78. GECRB has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available to it. GECRB therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that such defenses may be appropriate.

WHEREFORE, having answered Plaintiff's Second Amended Complaint, Defendant requests dismissal of the SAC and judgment in its favor, and all other relief, legal and equitable, to which Defendant is entitled.

| | | |
|---|---|---|
| 1 | Dated: February 20, 2013 | Respectfully submitted, |
| 2 | | **O'RIELLY & ROCHE LLP** |
| 3 | | |
| 4 | | By: /s/ Daniel J. O'Rielly<br>Daniel J. O'Rielly |
| 5 | | Attorneys for Defendants<br>GE CAPITAL RETAIL BANK<br>(formerly known as GE MONEY<br>BANK) and CARE CREDIT |